## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **LIMETREE BAY SERVICES, LLC, *et al.*,**[1] | **CASE NO.: 21-32351** |
| **Debtors.** | **(Jointly Administered)** |
| | |
| **LIMETREE BAY REFINING, LLC** | |
| Plaintiff, | **Adv. Pro. _____** |
| v. | |
| **BEECHER COTTON, PAMELA COLON, SIRDINA ISAAC-JOSEPH, ESTHER CLIFFORD, SYLVIA BROWNE, ALVINA JEAN-MARIE ILARRAZA, FRANCIS E. CHARLES, THERESA J. CHARLES, HELEN SHIRLEY, ANISHA HENDRICKS, CRISTEL RODRIGUEZ, JOSIE BARNES, ARLEEN MILLER, ROSALBA ESTEVEZ, ISIDORE JULES, JOHN SONSON, VIRGINIE GEORGE, CLIFFORD BOYNES, CHRISTOPHER CHRISTIAN, MARGARET THOMPSON, DELIA ALMESTICA, CARLOS CHRISTIAN, ANNA REXACH-CONSTANTINE, MERVYN CONSTANTINE, NEAL DAVIS, EDNA SANTIAGO, GUIDRYCIA WELLS, O'SHAY WELLS, AARON G. MAYNARD, VERNE MCSWEEN, ROCHELLE GOMEZ, MYRNA MATHURIN, JOAN MATHURIN, LEOBA JOHN BAPTISTE, WARRINGTON CHAPMAN, AND ANNE MARIE JOHN BAPTISTE,** | |
| Defendants. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Limetree Bay Refining, LLC (the "**Limetree Refining**," or the "**Debtor**"), which, along with its debtor affiliates (together, the "**Debtors**"), is a debtor and debtor in possession in the above-captioned chapter 11 cases, hereby alleges for its Complaint for Declaratory and Injunctive Relief (the "**Complaint**"), upon knowledge of its own acts and upon information and belief as to all other matters, as follows:

## I.   NATURE OF THE ACTION

1.      Limetree Refining seeks declaratory and, additionally or in the alternative, injunctive relief to stay or enjoin the continued prosecution of four class action lawsuits.  In these class actions, the plaintiffs allege that while attempting to re-start operations, the Limetree Bay Oil Refinery (the "**Refinery**") emitted pollutants.  These cases are *Cotton v. Limetree Bay Ventures, LLC,* Case No. 1:21-cv-00261 (D.V.I.) ("**Cotton Action**"), *Shirley v. Limetree Bay Ventures LLC*, Case No. 1:21-cv-00259 (D.V.I.) ("**Shirley Action**"), *Charles v. Limetree Bay Ventures, LLC*, 1:21-cv-00260 (D.V.I.) ("**Charles Action**"), and *Boynes v. Limetree Bay Ventures, LLC,* Case No. 1:21-cv-00253 (D.V.I.) ("**Boynes Action**," and together with the Cotton Action, the Shirley Action and the Charles Action, the "**Class Actions**").  The Class Actions are currently before the United States District Court for the Virgin Islands (the "**Virgin Islands Court**") against the Debtor, and the following entities (the "**Non-Debtor Defendants**"): Limetree Bay Ventures, LLC ("**Limetree Ventures**"), Limetree Bay Terminals LLC ("**Limetree Terminals**"), Arclight Capital Partners LLC, Freepoint Commodities, LLC, EIG Global Energy Partners, LLC, BP Products North America.  The Class Actions were brought by the above-captioned defendants in this adversary proceeding (collectively, the "**Class Action Plaintiffs**").

2

2.     In 2021, after the Debtors restarted the refinery, the Debtors began experiencing operational issues, which prompted investigations by the United States Environmental Protection Agency (the "**EPA**") and Virgin Islands Department of Planning and National Resources, as well as a request from the United States Attorney for the Virgin Islands to visit and tour certain operations at the Refinery.    On May 12, 2021, an incident occurred at the Refinery—causing a small amount of oil to disperse in certain areas downwind of the Refinery.   These Class Actions arise of the Refinery's operations.

3.     The Debtor's bankruptcy filing stayed the Class Actions as to the Debtor under section 362 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").   The Virgin Islands Court issued an order stating as much, but at the same time, requesting significant briefing on issues that directly impact the Debtor's estate, including whether the claims can proceed against the Non-Debtor Defendants in light of the stay and whether the Non-Debtor Defendants Limetree Ventures and Limetree Terminals can be subject to a mandatory injunction requiring them to remediate environmental issues, which could open up the Debtor's estate to liability even if the Debtor is not a subject to any order.

4.     The Debtor requests a stay in prosecution of the Class Actions against the Non-Debtor Defendants because prosecution would continue to harm the Debtor's estate in the following ways.   <u>First</u>, the Debtor's breathing spell has already been interrupted by the significant litigation caused by these Class Actions.  Since the Petition Date, court hearings in the Class Actions, briefing schedules, coordination of joint defenses, and review of initial disclosures and discovery have already taxed the Debtor's thin resources which should be focused on potential restructuring options.  The Virgin Islands Court issued an order last week requiring all defendants—ostensibly including the Debtor—to brief the effect of the commencement of the Debtor's Chapter 11 filing on the Class Actions by midnight on Tuesday,

July 27, 2021, which has already created costs for the estates by requiring their professionals to address the Class Actions at this critical juncture early in the Chapter 11 Cases.  Moreover, the potential for continuation of the Class Actions with respect to the Debtor and/or the Non-Debtor Defendants will continue to place undue stress and confusion on the Debtor's management, and their relationships with their Non-Debtor Defendants. As the Court is well aware, the Debtors are currently working through critical initial Chapter 11 issues such as their DIP budget, going concern sale alternatives, management of critical vendors, and ongoing regulatory compliance. While the claims of the Class Action Plaintiffs are important and should ultimately be dealt with by an appropriate court, it is in the best interest of all parties that the Debtor be able focus its resources and efforts on maximizing value for all stakeholders, including the Class Action Plaintiffs.  _Second_, the interrelationship of the defendants means that severance of the Class Actions against the Non-Debtor Defendants would be complicated at best, and impossible at worst.  The harm alleged in the Class Actions occurred at the Refinery, which is owned and operated by the Debtors.  Any determination of liability of the Non-Debtor Defendants would implicate the Debtors' Refinery, and thus would allow the Class Action Plaintiffs to try the Debtor's case in absentia in violation of the automatic stay.  Moreover, continued litigation by the Non-Debtor Defendants would necessarily require significant resources from the Debtor in connection with discovery because substantially all of the documents, information, and personnel necessary to prosecute the Class Actions are within the possession of the Debtor.  Put another way, absent the requested relief, the continuation of the Class Actions threatens to continue to require significant resources from the Debtors at a critical juncture when their liquidity is limited and attention focused on efforts to maximize stakeholder value.  _Third_, the Class Actions are causing undue expense to the Debtor's estate because of the breadth and complication of the

issues.  A stay of the Class Actions will allow the Debtor to determine the most efficient way to proceed with these claims.

5.      The Debtor accordingly files this Complaint seeking a declaratory judgment extending the automatic stay to cover the Class Actions against the Non-Debtor Defendants until the completion of the Debtor's restructuring process. Additionally or in the alternative, the Debtor seeks an injunction barring prosecution of the Class Actions for the same period. However, contemporaneously herewith, the Debtor moves for a stay or an injunction for only 60 days, as a preliminary measure, to allow the Debtors breathing room to focus on critical aspects of its overall restructuring prospects and to determine the best way to proceed in the Class Actions.

## II.  JURISDICTION AND VENUE

6.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas, dated May 24, 2012 (the "**Amended Standing Order**").

7.      This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

9.      Limetree Refining seeks a declaration that the prosecution of the Class Actions and all claims therein against the Non-Debtor Defendants are stayed until completion of the Debtor's restructuring process pursuant to sections 362(a)(1) and (a)(3) of the Bankruptcy Code, and Rule 7001(9) of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

10.     Additionally or in the alternative, Limetree Refining seeks to enjoin prosecution of the Class Action and all claims therein against the Non-Debtor Defendants until completion of the Debtor's restructuring process pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 7001(7).

## IV. THE PARTIES

11.     Debtor Limetree Bay Refining, LLC is a limited liability company formed under the laws of the United States Virgin Islands with its principal place of business at 1 Estate Hope Christiansted, Virgin Islands 00820. LBR is a wholly owned subsidiary of Debtor Limetree Bay Refining Holdings II, LLC,

12.     Beecher Cotton, a plaintiff in the Cotton Action, is a resident of St. Croix, U.S. Virgin Islands.

13.     Pamela Colon, a plaintiff in the Cotton Action, is a resident of St. Croix, U.S. Virgin Islands.

14.     Sirdina Isaac-Joseph, a plaintiff in the Cotton Action, is a resident of St. Croix, U.S. Virgin Islands.

15.     Esther Clifford, a plaintiff in the Cotton Action, is a resident of St. Croix, U.S. Virgin Islands.

16.     Sylvia Brown, a plaintiff in the Cotton Action, is a resident of St. Croix, U.S. Virgin Islands.

17.     Plaintiff Alvina Jean-Marie Ilarraza, a plaintiff in the Cotton Action, is a resident of St. Croix, U.S. Virgin Islands.

18.     Francis E. Charles, a plaintiff in the Charles Action, is a resident of St. Croix, U.S. Virgin Islands.

4812-5644-7475.1

19.     Theresa J. Charles, a plaintiff in the Charles Action, is a resident of St. Croix, U.S. Virgin Islands.

20.     Helen Shirley, a plaintiff in the Shirley Action, is a resident of St. Croix, U.S. Virgin Islands.

21.     Anisha Hendricks, a plaintiff in the Shirley Action, is a resident of St. Croix, U.S. Virgin Islands.

22.     Cristel Rodriguez, a plaintiff in the Shirley Action, is a resident of St. Croix, U.S. Virgin Islands.

23.     Josie Barnes, a plaintiff in the Shirley Action, is a resident of Texas.

24.     Arleen Miller, a plaintiff in the Shirley Action, is a resident of Colorado.

25.     Rosalba Estevez, a plaintiff in the Shirley Action, is a resident of New Jersey.

26.     Virginie George, a plaintiff in the Shirley Action, is a resident of Texas.

27.     Isidore Jules, a plaintiff in the Shirley Action, is a resident of St. Croix, U.S. Virgin Islands.

28.     John Sonson, a plaintiff in the Shirley Action, is a resident of St. Croix, U.S. Virgin Islands.

29.     Clifford Boynes, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

30.     Christopher Christian, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

31.     Margaret Thompson, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

32.     Delia Almestica, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

4812-5644-7475.1

33.     Carlos Christian, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

34.     Anna Rexach-Constantine, for herself and her minor children J.M.M., V.M., Z.R.C. and M.M., is a plaintiff in the Boynes Action and a resident of St. Croix, U.S. Virgin Islands.

35.     Mervyn Constantine, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

36.     Neal Davis, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

37.     Edna Santiago, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

38.     Guidrycia Wells, for herself and her minor child O.N., is a plaintiff in the Boynes Action and a resident of St. Croix, U.S. Virgin Islands.

39.     O'Shay Wells, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

40.     Aaron G. Maynard, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

41.     Verne McSween, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

42.     Rochelle Gomez, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

43.     Myrna Mathurin, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

44.     Joan Mathurin, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

45.     Leoba John Baptiste Pelle, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.   ,

46.     Warrington Chapman, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

47.     Anne Marie John Baptiste, a plaintiff in the Boynes Action, is a resident of St. Croix, U.S. Virgin Islands.

## V.  FACTUAL BACKGROUND

### A.  The Refinery

46.     Built in the 1960s, the Refinery and the Limetree Bay Terminal are located on the south-central coast of St. Croix, U.S. Virgin Islands. The Refinery was originally constructed by the Amerada Hess Corp., as the Hess Oil V.I. Corp. (HOVIC) refinery, which later became the HOVENSA refinery.  In 2011, the United States Environmental Protection Agency (the "**EPA**") sued the Refinery's then-owner HOVENSA LLC for violations of the Clean Air Act, 42 U.S.C. §§ 7801 et seq. (1970), concerning its Refinery operations, which resulted in HOVENSA and the EPA entering into a consent decree. *United States, et al. v. Hovensa LLC*, Case No. 11-cv-00006-RAM-GWC (D.V.I. June 7, 2011), ECF No. 6 ("**Consent Decree**").

47.     In 2015, HOVENSA LLC filed a petition for relief under chapter 11 of the Bankruptcy Code.  *In re HOVENSA LLC*, Case No. 1:15-bk-10003-MFW (Bankr. D.V.I.).  In 2016, Limetree Bay Holdings, LLC, HOVENSA LLC and Hess Oil Virgin Islands Corp. entered into an agreement whereby Limetree Bay Holdings, LLC purchased certain assets from HOVENSA, including the Refinery.  *See In re HOVENSA LLC*, Case No. 1:15-bk-10003-MFW, Asset Purchase Agreement, ECF No. 556, Ex. 1 (Bankr. D.V.I. Jan. 15, 2016).

48.     On February 1, 2021, the Debtors restarted the Refinery. Shortly thereafter, the Refinery began experiencing operational issues, which prompted investigations by the EPA and Virgin Islands Department of Planning and National Resources, as well as a request from the United States Attorney for the Virgin Islands to visit and tour certain operations at the Refinery. *See* Decl. of Mark Shapiro in Support of Chapter 11 Petitions and First Day Motions, dated July 12, 2021, ECF No. 8 ("**Shapiro Decl.**"), at ¶¶ 7-8. On May 12, 2021, an incident occurred at the Refinery—causing a small amount of oil to disperse in certain areas downwind of the Refinery. *Id.* at ¶ 8. In response, on May 13, 2021, the Debtors voluntarily ceased all refining operations at the Refinery on a temporary basis to investigate and remedy potential issues prior to any further incidences, and on May 14, 2021, the Debtors received an order from the EPA directing the Debtors to immediately cease any and all Refinery operations for a period of 60 days pending the completion of certain operational and compliance audits. *Id.*

### B. The Class Actions

48.     The Class Actions all arise out of the Refinery's operations, and allegations in the complaints go back to the 2011 Consent Decree. In the Shirley Action, plaintiffs allege that the Refinery "caused tons of airborne chemical emissions" and seek certification of two classes: a "medical monitoring class," consisting of "all persons exposed to sulfur dioxide, particulate, matter oil droplets or other polluting substance emitted from the [Refinery] from February 1, 2021 to present," and a "homeowner class," consisting of property owners on St. Croix who were allegedly subjected to the same substances from February 1, 2021 to present. Shirley Action, Complaint, ECF No. 1-1, at ¶¶ 1, 76 (D.V.I. June 24, 2021). However, while plaintiffs have brought a claim for medical monitoring, negligence, and nuisance, they state that they "do not seek damages for personal injury by present action, and expressly reserve same to be brought by separate action(s)." *Id.* at ¶¶ 90, 96.

49.     In the Charles Action, plaintiffs allege that the Refinery failed "to exercise reasonable care in starting up and operating the refinery and terminal storage facility without the pollution controls needed to avoid class-area harm," and that plaintiffs "seek lost-use-and-enjoyment damages to vindicate private property rights, not enforcement of environmental statutes, regulations, regulatory permits, or claims for personal injury; they seek monetary damages, no injunctive relief."  Charles Action, Complaint, ECF No. 1-3, at ¶¶ 4-5 (D.V I. June 24, 2021).  In the Charles Action, the class is alleged to be defined as "persons who have resided in the neighborhoods north, northwest, west, and southwest of the Limetree complex on or after January 1, 2020."  *Id.* at ¶ 58.

50.     In the Boynes Action, plaintiffs brought claims for negligence, violation of environmental laws, nuisance, medical monitoring, and emotional distress, and alleged that defendants' actions "caused both physical personal injury and real and personal property damage."  Boynes Action, Complaint, ECF No. 1, at ¶ 115 (D.V.I. June 9, 2021).  The class is alleged to be defined as "[a]ll persons who owned property (real and/or personal), and/or operated a business, and/or worked or resided on St. Croix and who have been harmed" by the defendants, since the date the Debtors acquired the Refinery.  *Id.* at ¶ 101.

51.     In the Cotton Action, plaintiffs allege that the Refinery "failed to properly store, use, refine, and/or dispose of oil and other chemicals, toxins, and particulates," and as a result, plaintiffs suffered personal injury and damage to property.  Cotton Action, Complaint, ECF No. 1-3, ¶¶ 154, 158 (D.V.I. June 24, 2021).  In that action, plaintiffs assert claims for negligence, nuisance, trespass, violation of the Virgin Islands environmental law, emotional distress, and a claim for medical monitoring.  *Id.* at ¶¶ 151-216.  Plaintiffs allege that the class is defined as "all persons or entities who have suffered injuries and/or damages" from alleged contamination events in 2021, as well as a "separate medical monitoring class."  *Id*. at ¶ 141.

4812-5644-7475.1

### C.  Events in the Virgin Islands Court

52.     In the Shirley Action and the Cotton Action, plaintiffs filed motions for emergency relief.  The Shirley Action plaintiffs filed a Motion for a Protective Order Regarding Limetree's Communications with Putative Class Members, Shirley Action, ECF No. 1-5 ("**Shirley Emergency Motion**").  In that motion, the plaintiffs asked for court oversight over all communications with proposed class members, and they asked the court to void prior settlement agreements.  *Id.* at 10.  On June 25, 2021, Limetree Ventures, Limetree Terminals and Limetree Refining filed an opposition.  Shirley Action, Opposition, dated June 25, 2021, ECF No. 5.

53.     The Cotton Action plaintiffs filed a similar Emergency Motion for Temporary Restraining Order and Preliminary Mandatory Injunction, Cotton Action, ECF No. 1-6 ("**Cotton Emergency Motion**").  In that motion, plaintiffs alleged that the defendants were improperly communicating with purported class members and negotiating settlements and releases. *Id.*  They asked the court to ban Limetree from communicating with potential class members settlements and anything else related to the instant litigation, void release agreements homeowners have previously signed, and order Limetree to clean homes, vehicles and other property due to what plaintiffs characterize as an "oil spill."  *Id.* at 4-5.  On June 30, 2021, Limetree Ventures, Limetree Terminals and Limetree Refining filed an opposition. Cotton Action, Opposition, dated June 30, 2021, ECF No. 15.

54.     On July 12, 2021, the Debtors filed their petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

55.     On July 14, 2021, Limetree Refining filed a Notice of Commencement of Chapter 11 Bankruptcy Cases in all four Class Actions.  *See* Boynes Action, ECF No. 48; Shirley Action, ECF No. 12; Cotton Action, ECF No. 82; Charles Action, ECF No. 31.

56.     On July 15, 2021, Judge Wilma A. Lewis held an omnibus hearing the Shirley Emergency Motion and the Cotton Emergency Motion.  *See* Cotton Action, Minute Entry, ECF No. 95; Shirley Action, Minute Entry, ECF No. 13.  On July 16, 2021, the Virgin Islands Court issued a memorandum opinion and order. *See* Cotton Action, ECF No. 100.  The DVI Order made the following rulings:

- the court required all defendants to brief the issue of whether the automatic stay applies to the Non-Debtor Defendants as well, *id.* at 4;

- the court permitted briefing on the Cotton Action plaintiffs' argument for mandatory injunctive relief to require Limetree Ventures and Limetree Terminals, two Non-Debtor Defendants, to clean the "oil spill," including plaintiffs' "homes, cisterns, vehicles and grounds," *id.* at 4-5;

- the court enjoined all defendants, including the Debtor, from soliciting settlement agreements and using a release without the Virgin Island Court's review and approval, *id.* at 7;

- the court deferred its ruling on whether the defendants' previously obtained settlements and releases are deemed invalidated or void, *id.*; and

- the court permitted the Cotton Action plaintiffs to file a motion for remand to the Superior Court of the Virgin Islands by July 23, 2021.  *Id.*

**D. If the Automatic Stay is Not Extended to the Non-Debtor Defendants, the Debtors and Their Estates Will Be Irreparably Harmed**

57.     If the Class Actions continue and are not stayed or enjoined, the Debtor's estates will be harmed and efforts to successfully and efficiently move through these bankruptcy proceedings will be materially impacted.  The flurry of activity in the Class Actions notwithstanding, the Debtor's Chapter 11 filing has further stretched the Debtor's thin resources

and significantly impaired its ability to focus efforts on stabilization and ultimate sale of the Debtor's assets through Chapter 11. In order to aid in these efforts, the Debtor seeks declaratory relief to stay the continued prosecution of the Class Actions against the Non-Debtor Defendants, so that the Debtor can obtain the benefits of its own automatic stay.

58.    In this case, extension of the stay is warranted because prosecution of the Class Actions against the Non-Debtor Defendants effectively would exercise control over property the estate.  There is no question that the Debtor has a significant, ongoing relationship with the Non-Debtor Defendants in the Class Actions and the Debtor has an integral role in the facts and circumstances surrounding the Class Actions that will render it impossible for the Class Action Plaintiffs to continue litigation against the Non-Debtor Defendants without severely prejudicing the Debtor's rights and adversely impacting the Debtor's estate at this critical juncture.  Since learning of these Class Actions, the Debtor's professionals and management have been on conference calls with multiple lawyers for each of the co-defendants, including local counsel, working to coordinate responses to the requests from the Virgin Islands Court.  Furthermore, a significant portion of the documents, information, and personnel necessary to prosecute the Class Actions—even if solely with respect to the Non-Debtor Defendants—is in possession of the Debtor, which owns and operates the Refinery.  Therefore, continuation of the Class Actions against the Non-Debtor Defendants will undoubtedly continue to require the Debtor's management and employees to expend estate resources on the Class Actions (including, potentially, the need to be deposed and respond to discovery requests, among other things).  In the meantime, the Debtor's professionals and management are required to monitor, and essentially participate in, these Class Actions because of the risk of adverse rulings.  This is a particularly troubling possibility given the Debtors' limited liquidity, subject to this Court's consideration of the final DIP financing terms.

59.     In the brief time since the Petition Date, the Class Actions have already dramatically impacted the Debtor notwithstanding the imposition of the automatic stay and without an immediate extension of the stay to the Non-Debtor Defendants, the Debtor's rights will continue to be negatively impacted.  Since the Petition Date, the Virgin Islands Court has entered an order prohibiting all defendants from communicating with potential class members without the Virgin Island Court's review and approval, which may impact the Debtors' ability to negotiate with creditors whose participation may be necessary to document and prosecute a chapter 11 plan in the Chapter 11 cases.  DVI Order at 9.  Further, the Virgin Islands Court has entered an order requiring briefing on invalidating previously obtained settlement and releases, and also ordered the parties to meet and confer to file a proposal to amend the form release by July 26, 2021.  *Id.* at 8-9.  These releases all arise out of alleged injury from operations of the Refinery, and the Debtor is a beneficiary of these releases.  The Virgin Island Court has also ordered briefing on whether the automatic stay should extend to the Non-Debtor Defendants, with the defendants' brief due on July 26, 2021.  *Id.* at 9.  Briefing is also ongoing as to whether Limetree Terminals and Limetree Ventures must provide relief to plaintiffs under a mandatory injunction – again, for operation of the Debtors' Refinery – which, if granted, could have the impact of adjudicating claims against the Debtor's estate in absentia.  *Id.* at 4-5.  The parties have until August 3, 2021, to request the Virgin Islands Court to hold an evidentiary hearing on the mandatory injunction, *id.* at 9, and on July 23, 2021, the plaintiffs in the Cotton Action filed a memorandum in further support of their motion for a mandatory injunction.  Cotton Action, ECF No. 114.  Finally, the Virgin Islands Court required the plaintiffs in the Cotton Action to file a motion for remand by July 23, 2021, which they did.  *See* Cotton Action, ECF No. 112.

60.     Because of the Debtor's relationship with the other Non-Debtor Defendants, the Debtor has had to spend significant time with the Non-Debtor Defendants regarding the Debtor's

position on the claims asserted, coordinating issues related to the joint defense against the claims, and review of discovery matters related to the claims that are expected to arise in the future. The Debtor cannot ignore the Class Actions, as long as they are ongoing against the Non-Debtor Defendants, because of the potential impact to the estate.

61. Without an extension of the stay to Non-Debtor Defendants, the Virgin Islands Court may require Limetree Ventures and Limetree Terminals to clean and remediate plaintiffs' property promptly; it may not approve future communications with plaintiffs; it may invalidate settlements; and it may remand an action to Superior Court of the Virgin Islands. The interrelationship of the Class Action defendants and the defendants' risk of liability require an extension of the stay.

62. In addition, the Debtors and the Non-Debtor Defendants all have contractual relationships relating to the Debtors' operations. Allegations in the Cotton Complaint, for example, go as far back as the 2011 Consent Decree. *See* Cotton Class Action, Complaint, at ¶ 54. The Debtor's request for a brief respite from dealing with these issues is appropriate so that the Debtor can ensure that its rights are not abrogated by the Class Actions

63. Similarly, given the amount of overlapping issues in the Class Action, the Class Actions would distract the Debtor's management and professionals. The Debtor's breathing spell will be nonexistent if required to not only monitor, but essentially participate in the Class Actions to protect their rights and/or provide documents, information, and/or personnel necessary for the prosecution of the Class Actions at least with respect to the Non-Debtor Defendants.

64. Finally, all of these issues, at this early point in the case, are causing and would continue to cause undue expenses to the Debtor's estate. If the stay is not extended, the Debtor

will need to react to these Class Action claims, rather than systematically and thoughtfully approaching the claims of the Class Action Plaintiffs and all other creditors.

65.     Because the Class Actions against the Non-Debtor Defendants will cause irreparable injury to the Debtor's estate, the Debtor requests the Court extend the stay to the Non-Debtor Defendants.

### E.  The Remaining Elements for an Injunction are Satisfied

66.     The additional elements necessary for an injunction—namely, the reasonable likelihood of success on the merits of the Debtor's claims in this adversary proceeding, a balance of equities favoring Limetree Refining and the Debtors, and a benefit to the public interest—are readily satisfied here.

67.     Here, for the reasons set forth above, the Limetree Bay is likely to prevail on the merits of its request for declaratory relief and for an injunction until completion of the Debtor's restructuring process.  The Court is authorized to grant relief to extend the stay on these bases.

68.     The likelihood of irreparable harm to the Debtors from the continuation of the Class Actions far outweighs any risk of harm to the Class Action Plaintiffs should this Court enjoin the Class Action and the continued prosecution of the Class Action's claims until completion of the Debtor's restructuring process. The Class Action Plaintiffs will suffer no material harm from having to wait, particularly given that they filed their actions in the Virgin Islands Court in the last 60 days.

### FIRST CLAIM FOR RELIEF
**(Section 362 – Declaratory Judgment)**

69.     Limetree Refining repeats and re-alleges Paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70.     Limetree Refining seeks an order staying the prosecution of the Class Actions as to the Non-Debtor Defendants until completion of the Debtor's restructuring process, pursuant to sections 362(a)(1) and 362(a)(3) of the Bankruptcy Code.

71.     The extension of the stay is necessary because the claims against Limetree are inextricably intertwined.  All alleged harm arose out of operations of the Refinery, and the interrelationships between the Debtors and Non-Debtor Defendants mean that continuation of Class Action against the Non-Debtor Defendants could harm the Debtor's ability and opportunity to defend itself against the claims in the Class Action.  If the Class Actions continue against Non-Debtor Defendants, substantive rulings that may issue without the Debtor's input or through deposition testimony that may be taken on issues relevant to the Debtor's defense without their participation.  Similarly, such rulings could prejudice the Debtors with regard to other similar claims arising out of operations at the Refinery.

72.     In addition, the relationship between Debtors and Non-Debtor Defendants means that the Debtor's management and professionals would be required to monitor and perhaps participate the Class Actions.  These briefings are continuing and ongoing in the Virgin Islands Court, and the briefs impact such significant issues as prior-obtained releases and potential mandatory injunction to clean and remediate plaintiffs' property.  These complicated issues create an undue burden and undue expense on the Debtor's estate, and the automatic stay is designed to protect the Bankruptcy Code's orderly process to handle resolution of these claims.

73.     The Debtor's relationship to the other parties in the litigation and its integral role in the facts and circumstances surrounding the Class Actions make it impossible for the Class Action Plaintiffs to continue litigation against the Non-Debtor Defendants without severely prejudicing the Debtor's right and adversely impacting the Debtor's estate.  Since learning of these Class Actions, the Debtor's professionals and management have been on conference calls

with multiple lawyers for each of the co-defendants, including local counsel, working to coordinate responses to the requests from the Virgin Islands Court.  If litigation is permitted to continue against the Non-Debtor Defendants, undoubtedly, the Debtor's management and employees will be deposed and will need to respond to discovery requests.  In the meantime, the Debtor's professionals and management are required to monitor, and essentially participate in, these Class Actions because of the risk of adverse rulings.

74.     In short, allowing the Class Actions to continue would drain estate resources and distract from the Debtor's efforts to successfully and expeditiously move through these bankruptcy proceedings. Further, allowing the Class Actions to proceed would thwart the statutory purpose of these chapter 11 proceedings by failing to provide the Debtors with a breathing spell from litigation pressures in their efforts to achieve a value-maximizing restructuring transaction that inures to the benefit of all stakeholders.

## SECOND CLAIM FOR RELIEF
### (Section 105 – Injunctive Relief)

75.     Limetree Refining repeats and re-alleges paragraphs 1 through 75 of this Complaint as if fully set forth herein.

76.     Additionally or in the alternative, Limetree Refining seeks an injunction pursuant to section 105 of the Bankruptcy Code barring the continued prosecution of the Class Actions, or any of Class Action Plaintiffs' claims against the Defendants therein, until completion of the Debtor's restructuring process.

77.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

78.     Continuation of the Class Action would cause irreparable harm to the Debtor's estate.  As detailed above, the claims and the relationships of the parties are so inextricably intertwined that a ruling against the Non-Debtor Defendants effectively would likely create an effective ruling against the Debtors.  If permitted, these rulings would impact the Debtor's estate, and in the meantime, the Debtor's management and professionals would have to be focused on the Class Actions proceeding against the Non-Debtor Defendants.  The best interest of all parties to the Debtor's restructuring is served when the Debtor's management and professionals can focus on the orderly resolution of the Debtor's case, and not be distracted by Class Actions against non-debtors.

79.     The likelihood of irreparable harm to the Debtors from the continuation of Class Actions far outweighs any risk of harm to Class Action Plaintiffs should the Court enjoin the Class Actions' claims therein until the completion of the Debtor's restructuring process. The Class Action Plaintiffs will suffer no material harm, as their claims against the Debtors will be addressed through the restructuring process, and at that point, they can pursue claims against Non-Debtor Defendants.

80.     The injunctive relief sought will serve the public interest by promoting a speedy and successful conclusion of these bankruptcy proceedings—which will inure to the benefit of all constituencies—and will advance the objectives of the automatic stay by protecting the interests of all constituencies throughout the Debtor's restructuring process.

81.     There is a substantial likelihood that Limetree Refining will prevail on the merits of its request for declaratory relief and for an injunction until completion of the Debtor's restructuring process. This Court has the authority to grant such relief.

82.     Based on the foregoing, Limetree Refining respectfully requests an injunction under section 105 of the Bankruptcy Code to enjoin the Class Actions and the continued

prosecution of all of Class Action's claims against the Non-Debtor Defendants therein until completion of these chapter 11 cases.

## **PRAYER FOR RELIEF**

WHEREFORE, Limetree Refining respectfully demands judgment against the Defendants in this adversary proceeding, and requests relief as follows:

a.     entry of a declaratory judgment pursuant to section 362 of the Bankruptcy Code and Bankruptcy Rule 7001(9) that the automatic stay is extended to the Non-Debtor Defendants until completion of the Debtor's restructuring process;

b.     additionally or in the alternative, entry of an injunction pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 7001(7) enjoining and prohibiting continuation of the Class Actions against the Non-Debtor Defendants until completion of the Debtor's restructuring process; and

c.     all such other relief as the Court may find just and proper.


RESPECTFULLY SUBMITTED this 26th day of July, 2021.

4812-5644-7475.1

**BAKER & HOSTETLER LLP**

/s/ Elizabeth A. Green
**Elizabeth A. Green, Esq.**
Fed ID No.: 903144
**Jimmy D. Parrish, Esq.**
Fed. ID No. 2687598
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:  407.649.4000
Facsimile:   407.841.0168
Email:  egreen@bakerlaw.com
       jparrish@bakerlaw.com


**BAKER & HOSTETLER LLP**
**Jorian L. Rose, Esq.**
N.Y. Reg. No. 2901783
45 Rockefeller Plaza
New York, New York
Telephone:  212.589.4200
Facsimile:  212.589.4201
Email: jrose@bakerlaw.com
*(Admitted pro hac vice)*

*Proposed Counsel for the Debtors and Debtors in Possession*

22