**EXHIBIT B**

**Virgin Islands Order**

# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **HELEN SHIRLEY, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 2021-0259 |
| **LIMETREE BAY VENTURES, LLC,** | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **BEECHER COTTON, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 2021-0261 |
| **LIMETREE BAY VENTURES, LLC,** | ) | |
| **LIMETREE BAY REFINING, LLC,** | ) | |
| **LIMETREE BAY TERMINALS, LLC,** | ) | |
| **ARCLIGHT CAPITAL PARTNERS, LLC,** | ) | |
| **FREEPOINT COMMODITIES, LLC, EIG** | ) | |
| **GLOBAL ENERGY PARTNERS, LLC, BP** | ) | |
| **PRODUCTS NORTH AMERICA, and** | ) | |
| **JOHN DOES,** | ) | |
| Defendants. | ) | |
| | ) | |

**Attorneys:**
**John-Russell Bart Pate, Esq.,**
St. Thomas, U.S.V.I.
**Korey A. Nelson, Esq.,**
**Charles Jacob Gower, Esq.,**
New Orleans, LA
**Vincent A. Colianni, II, Esq.,**
St. Croix, U.S.V.I.
  *For Shirley Plaintiffs*

**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
  *For Cotton Plaintiffs*

**Robert J. Kuczynski, Esq.,**
**Carl A. Beckstedt, III, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Limetree Bay Ventures, LLC,*
    *Limetree Bay Refining, LLC, and Limetree Bay*
    *Terminals, LLC*

**Charles Edward Lockwood, Esq.,**
**Gregg R. Kronenberger, Esq.,**
St. Croix, U.S.V.I.
**Matthew Owen, Esq.,**
Washington, DC
    *For Defendant Arclight Capital Partners, LLC*

**Adam Nicholas Marinelli, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant EIG Global Energy Partners, LLC*

**Schuyler A. Smith, Esq.,**
**Jennifer Quildon Brooks, Esq.,**
Miami, FL
    *For Defendant BP Products North America*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on "Plaintiffs' Motion for a Protective Order Regarding Limetree's Communications with Putative Class Members" (Dkt. No. 1-5 in 21-cv-259) and "Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Mandatory Injunction" (Dkt. No. 1-6 in 21-cv-261). Although the above-captioned civil actions are not consolidated, a combined oral argument was held on July 15, 2021 due to the overlap of certain issues contained in the aforementioned Motions. Based on the parties' written submissions and oral arguments, this Memorandum Opinion and Order summarizes the issues addressed; embodies the Court's rulings to date; discusses the current status of the proceedings; and memorializes the upcoming deadlines.

1. **Bankruptcy Petition**

On July 12, 2021, Defendant Limetree Bay Refining, LLC ("Limetree Refining") filed a Chapter 11 Petition for Bankruptcy with the United States Bankruptcy Court for the Southern District of Texas. (Dkt. No. 12-1 in 21-cv-259 and Dkt. No. 82-1 in 21-cv-261). A notice of the bankruptcy was filed with this Court on July 14, 2021. (Dkt. Nos. 12 in 21-cv-259 and Dkt. No. 82 in 21-cv-261).

Title 11 U.S.C. § 362(a)(1) provides that the filing of a bankruptcy petition results in an automatic stay of judicial proceedings against the debtor. Accordingly, the instant civil actions are stayed as they pertain to claims against Defendant Limetree Refining. *See Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir. 1991) ("Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor.").

The question remains, however, as to whether the automatic stay applies to Limetree Refining's co-defendants in these matters. Defendants argue that because of the interwoven nature and overlap of issues, facts, and law, the automatic stay also applies to the co-defendants. Defendant Arclight Capital Partners, LLC ("Arclight") adds that the automatic stay should apply to the co-defendants from a sense of equity and fairness. In light of Third Circuit precedent, the Court is not convinced at this point that the automatic stay extends beyond Limetree Refining. *See, e.g., Maritime Elec. Co.*, 959 F.2d at 1205 ("[T]he automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor."); *In re Exide Techs.*, 544 F.3d 196, 220 (3d Cir. 2008) ("[T]he intertwinement theory cannot be sustained.").

Before the Court renders a final ruling on the breadth of the automatic stay, the Court has granted Defendants' request to brief the issue. Defendants shall have until July 27, 2021 within which to file their submissions. Plaintiffs shall have until August 3, 2021 within which to file their responses if there is essentially a single substantive submission from all Defendants, or until August 9, 2021 if separate substantive submissions are filed. In turn, Defendants shall have until August 9, 2021 within which to file their replies if Plaintiffs file their responses on April 3, 2021, or until August 16, 2021 if Plaintiffs file their responses on August 9, 2021. While a final ruling on the issue of the applicability of the automatic stay to Defendant Limetree Refining's co-defendants is pending, the Court will continue to address the matters before it.

### 2. Mandatory Injunctive Relief

Plaintiffs in *Cotton* seek relief in the form of a mandatory injunction directing Defendants Limetree Bay Ventures, LLC ("Limetree Ventures") and Limetree Bay Terminals, LLC ("Limetree Terminals") to "properly clean up the oil spill, to include, but [not limited to,] cleaning Plaintiffs' homes, cisterns, vehicles and grounds prompt[ly.]" (Dkt. No. 1-6 in 21-cv-261).[1] In order to be entitled to injunctive relief, the federal standard—which applies here, *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 799 (3d Cir. 1989)—requires a showing by Plaintiffs of each of the following four factors: (1) a reasonable probability of success on the merits; (2) that they will suffer irreparable harm if the injunction is denied; (3) that granting

---

[1] Plaintiffs clarified and confirmed at the hearing, or immediately prior thereto, that they do not seek injunctive or other relief against Defendants Arclight, EIG Global Energy Partners, LLC, and BP Products North America, LLC. Accordingly, the Court will deny as moot "Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Mandatory Injunction" (Dkt. No. 1-6 in 21-cv-261) as to those Defendants. Defendant Freepoint Commodities, LLC ("Freepoint") represented to the Court that it has not been served with a summons and complaint in the *Cotton* matter (Dkt. No. 77), and counsel for *Cotton* Plaintiffs could not advise the Court regarding the status of service on Defendant Freepoint.

4

preliminary relief will not result in even greater harm to the nonmoving parties; and (4) that the public interest favors such relief, *see N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012). The first two factors—success on the merits and irreparable harm—are of particular importance as they are considered "threshold showings . . . ." *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 319 (3d Cir. 2020) (internal quotation marks and citation omitted). "A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity." *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) (internal quotation marks and citation omitted).

Based on the record before the Court, the Court finds that *Cotton* Plaintiffs have failed to establish irreparable harm because monetary relief would be available at the end of the proceedings. *Instant Air Freight Co.*, 882 F.2d at 801 ("In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm."). Thus, Plaintiffs' Emergency Motion for a Mandatory Injunction (Dkt. No. 1-6 in 21-cv-261) is denied at this time.

However, the Court has afforded *Cotton* Plaintiffs an opportunity to present additional evidence, if any—including the opportunity for an evidentiary hearing as necessary—to support their argument for mandatory injunctive relief. In that regard, *Cotton* Plaintiffs shall have until July 23, 2021 within which to submit additional evidence to the Court in support of their mandatory injunction argument, and Defendants Limetree Ventures and Limetree Terminals shall have until August 2, 2021 within which to respond to Plaintiffs' submission. The parties shall have until August 3, 2021 within which to request an evidentiary hearing on this matter.

**3. Releases**

Rule 23(d) of the Federal Rules of Civil Procedure provides district courts with the authority to exercise its discretion in regulating communications with putative class members to prevent abuse. *See Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1977). However, such discretion must be exercised within the bounds of both Fed. R. Civ. P. 23(d) and a party's First Amendment right to freedom of speech. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-102, 101 n.12 (1981). In addition, the Court should give "explicit consideration to the narrowest possible relief which would protect the respective parties." *Id*. at 102.

Based on a balancing of these competing interests, and in order to provide the narrowest possible relief, the Court denies the following requests by Plaintiffs: to prohibit Defendants from engaging in any communications with putative class members; to provide Plaintiffs with a list of the names and addresses of every putative class member who has received a release, has signed a release, and/or has been otherwise contacted by Defendants; to disclose the names and contact information of those with whom Defendants have settled; and to log any further communications with unrepresented putative class members and submit the log to the Court.

The Court finds, however, that the Release (Dkt. No. 1-6, Ex. 1 in 21-cv-261) and Amended Release (Dkt. No. 15-2 in 21-cv-261) that Defendants have used should be revised to adequately inform potential class members about the existing class action cases and to prevent the Releases from being misleading. For example, the Release should be revised to include: a brief but descriptive articulation of the nature of the class action cases; the addition of counsel's telephone numbers to the contact information for the attorneys of the class action cases; and edits to the existing text of the Release to make some of the language more precise, such as what the "incident which occurred on or about the 12th Day of May, 2021" refers to, and what the "notice on the back

of the Release" concerns. While these items are only illustrative, the Court's finding that these and similar revisions are necessary is not intended to suggest that a broad-scale rewrite of the Amended Release is contemplated. Nor is it intended to suggest that standard release language is inappropriate, or that a definition or identification of every term contained in the Amended Release, *e.g.*, affiliates, is warranted.

The Court has directed the parties to meet and confer with the goal of agreeing on language for the Release and presenting the proposed revisions to the Court. Counsel for the two other class action cases pending before this Court (21-cv-253 and 21-cv-260) have not sought similar relief, but may engage in this review process. The parties will have until July 26, 2021 within which to submit a joint proposal for revisions to the Release, or separate proposals if agreement cannot be reached.

In the meanwhile, Defendants are enjoined from soliciting agreements and using the Release, Amended Release, or any other Release pending the Court's review and approval of an appropriate Release. Pursuant to Fed. R. Civ. P. 65, this Temporary Restraining Order is in effect commencing on July 16, 2021 and continuing for fourteen days unless either shortened or extended pursuant to appropriate procedures.

At this time, the Court has deferred its ruling on whether the Release and Amended Release are deemed invalidated or void.

**4.     Jurisdictional Issues**

*Shirley* Plaintiffs—joined by *Cotton* Plaintiffs—mentioned potential issues of subject matter jurisdiction related to the removal of the cases to this Court from the Superior Court. Plaintiffs have indicated that jurisdictional discovery is necessary while at least some Defendants

7

have maintained that such discovery is unnecessary. In view of the fact that the jurisdictional issues have not been developed, the Court cannot make findings on the issue at this time.

The Court has ordered that *Cotton* Plaintiffs shall have until July 23, 2021 within which to file a Motion for Remand, including any request for jurisdictional discovery; Defendants shall have until August 4, 2021 within which to file their response thereto; and Plaintiffs shall have until August 10, 2021 within which to file their reply. The Court is aware of a request for jurisdictional discovery in the *Shirley* matter, and is anticipating a response to that request from Defendants Limetree Ventures and Limetree Terminals on July 19, 2021.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that these cases are **STAYED** with regard to claims against Limetree Bay Refining, LLC; and it is further

**ORDERED** that Defendants shall have up to and including **July 27, 2021** within which to file Memoranda regarding the applicability of the automatic stay to Limetree Bay Refining, LLC's co-defendants in these matters, which shall include a discussion of the Third Circuit opinions in *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir. 1991) and *In re Exide Techs.*, 544 F.3d 196 (3d Cir. 2008); and it is further

**ORDERED** that Plaintiffs shall have up to and including **August 3, 2021** within which to file their responses if there is essentially a single substantive submission from all Defendants, or until **August 9, 2021** if separate substantive submissions are filed; and it is further

**ORDERED** that Defendants shall have up to and including **August 9, 2021** within which to file their replies if Plaintiffs file their responses on April 3, 2021 or until **August 16, 2021** if Plaintiffs file their responses on August 9, 2021; and it is further

**ORDERED** that "Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Mandatory Injunction" (Dkt. No. 1-6 in 21-cv-261) is **DENIED AS MOOT** as to Defendants Arclight Capital Partners, LLC, EIG Global Energy Partners, LLC, and BP Products North America, LLC; and it is further

**ORDERED** that Plaintiffs' Emergency Motion for a Mandatory Injunction is **DENIED WITHOUT PREJUDICE** as to Defendants Limetree Ventures, LLC and Limetree Terminals, LLC; and it is further

**ORDERED** that *Cotton* Plaintiffs shall have up to and including **July 23, 2021** within which to submit additional evidence in support of their request for mandatory injunctive relief; and it is further

**ORDERED** that Defendants Limetree Bay Ventures, LLC and Limetree Bay Terminals, LLC shall have up to and including **August 2, 2021** within which to respond to Plaintiffs' submissions; and it is further

**ORDERED** that *Cotton* Plaintiffs and Limetree Bay Ventures, LLC and Limetree Bay Terminals, LLC shall have up to and including **August 3, 2021** within which to request that the Court hold an evidentiary hearing to address Plaintiffs' Motion for a Mandatory Injunction (Dkt. No. 1-6 in 21-cv-261); and it is further

**ORDERED** that Plaintiffs' request for modification of the Release and Amended Release is **GRANTED**; and it is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 65, Limetree Bay Ventures, LLC and Limetree Bay Terminals, LLC are **ENJOINED** from soliciting agreements and using the Release, Amended Release, or any other Release for fourteen days, commencing on July 16, 2021, unless either shortened or extended pursuant to appropriate procedures; and it is further

9

**ORDERED** that the parties shall have up to and including **July 26, 2021** within which to meet and confer and file a joint proposal to amend the Release, or to notify the Court that they have been unable to reach an agreement and submit separate proposals; and it is further

**ORDERED** that *Cotton* Plaintiffs' request to prohibit Defendants from otherwise engaging in communications with putative class members is **DENIED**; and it is further

**ORDERED** that the following requests by Plaintiffs are **DENIED**: to provide Plaintiffs with a list of the names and addresses of every putative class member who has received a release, has signed a release, and/or has been otherwise contacted by Defendants; to disclose the names and contact information of those with whom Defendants have settled; and to log any further communications with unrepresented putative class members and submit the log to the Court; and it is further

**ORDERED** that the Court's ruling on whether the Release and Amended Release are deemed invalidated or void is **DEFERRED**; and it is further

**ORDERED** that *Cotton* Plaintiffs shall have up to and including **July 23, 2021** within which to file a Motion for Remand, including any request for jurisdictional discovery; and it is further

**ORDERED** that *Cotton* Defendants shall have up to and including **August 4, 2021** within which to file their responses thereto; and it is further

**ORDERED** that *Cotton* Plaintiffs shall have up to and including **August 10, 2021** within which to file their reply.

    **SO ORDERED**.

Date:   July 16, 2021                                                          _____/s/_____
                                                                                    WILMA A. LEWIS
                                                                                     District Judge