United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>LIMETREE BAY SERVICES, LLC, *et al.*,[1]<br><br>Debtors. | CHAPTER 11<br><br>CASE NO.: 21-32351 |
| LIMETREE BAY REFINING, LLC<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BEECHER COTTON, PAMELA COLON, SIRDINA ISAAC-JOSEPH, ESTHER CLIFFORD, SYLVIA BROWNE, ALVINA JEAN-MARIE ILARRAZA, FRANCIS E. CHARLES, THERESA J. CHARLES, HELEN SHIRLEY, ANISHA HENDRICKS, CRISTEL RODRIGUEZ, JOSIE BARNES, ARLEEN MILLER, ROSALBA ESTEVEZ, ISIDORE JULES, JOHN SONSON, VIRGINIE GEORGE, CLIFFORD BOYNES, CHRISTOPHER CHRISTIAN, MARGARET THOMPSON, DELIA ALMESTICA, CARLOS CHRISTIAN, ANNA REXACH-CONSTANTINE, MERVYN CONSTANTINE, NEAL DAVIS, EDNA SANTIAGO, GUIDRYCIA WELLS, O'SHAY WELLS, AARON G. MAYNARD, VERNE MCSWEEN, ROCHELLE GOMEZ, MYRNA MATHURIN, JOAN MATHURIN, LEOBA JOHN BAPTISTE, WARRINGTON CHAPMAN, AND ANNE MARIE JOHN BAPTISTE<br><br>　　　　　Defendants. | Adv. Pro. __21-3791_____ |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222). The Debtors' mailing address is Limetree Bay Services, LLC, 11100 Brittmoore Park Drive, Houston, TX 77041.

## ORDER EXTENDING THE AUTOMATIC STAY AND GRANTING PRELIMINARY INJUNCTIVE RELIEF, HALTING THE PROSECUTION OF THE CLASS ACTION AGAINST DEBTOR AND NON-DEBTOR DEFENDANTS FOR 14 DAYS IN THE VIRGIN ISLANDS CLASS ACTIONS

(Docket No. 2)

Upon the motion (the "**Motion**")[2] of the Limetree Bay Refining, LLC, for entry of an order (this "**Order**") confirming that the automatic stay prohibits the prosecution of four class actions filed against the Debtor, and extending the automatic stay or, in the alternative, granting a temporary restraining order and preliminary injunction relief to halt the prosecution of the four class actions against non-debtor defendants for a period of 60 days, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

4848-3783-8579.4

1.      Pursuant to section 362 of the Bankruptcy Code, the automatic stay of the Bankruptcy Code prohibits the prosecution of the Class Actions against the Debtor.

2.      Pursuant to section 362 of the Bankruptcy Code, the automatic stay of the Bankruptcy Code is hereby extended to the Non-Debtor Defendants for 14 days from the date of entry of this Order.

3.      In the alternative, the Class Action Plaintiffs and anyone acting on their behalf are hereby enjoined from continuing the Class Actions against the Non-Debtor Defendants and from continuing to prosecute its claims brought in the Class Action against any of the Defendants therein for 14 days from the date of entry of this order.

4.      This Order shall remain in full force and effect until further order of this Court.

5.      Pursuant to Bankruptcy Rule 7065, the security requirements shall be waived.

6.      Notwithstanding any provision to the contrary of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Bankruptcy Local Rules, this Order shall take immediate effect upon signature.

7.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

8.      In granting temporary relief, the Court finds that the movants have satisfied the requirements of Fed. R. Civ. P. 65(b) as made applicable by Bankruptcy Rule 7065. Specifically, the Court finds that a temporary halt of the proceedings is required in light of the nature of the Debtors' businesses, the real potential for additional negative environmental impact; the lack of liquidity to address the myriad of environmental issues facing the debtor and the absence of any real harm to the defendants.

9.      The Court will conduct a video hearing to consider whether additional relief should be granted on August 6, 2021 at 10:30 a.m. (Central time). Responses are due by 12:00 noon (Central time) on August 3, 2021. The movants shall immediately serve a copy of this Order on each defendant and counsel if known and file a copy with the V.I. District Court.

Signed:  July 26, 2021.

3:04 p.m. (Central)

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE